IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARA LOFTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-1446-D |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Ms. Lofton applied for supplemental security income and insurance benefits based on an alleged disability. *See* Administrative Record at pp. 78-80, 295-97, 305-307 (certified Feb. 7, 2008) ("Rec."). The Social Security Administration ("SSA") denied the applications[1] and the present action followed. As Ms. Lofton alleges, the SSA erred in its failure to consider a listing and the Court should order reversal and remand.[2]

I.   STANDARD OF REVIEW

The Court must determine whether the SSA's decision is "free of legal error" and "supported by substantial evidence." *Brown v. Callahan*, 120 F.3d 1133, 1135 (10th Cir.

---

[1]   Rec. at pp. 5-7, 30, 49-50.

[2]   Ms. Lofton also alleges other errors in the administrative law judge's opinion. The Court need not consider these arguments in light of the recommendation for reversal. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

1997). This determination is possible only when the SSA's findings are sufficient for meaningful judicial review. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (stating that without findings "supported by specific weighing of the evidence," the court could not "assess whether relevant evidence adequately support[ed]" the administrative law judge's ultimate conclusion).

II.     ANALYSIS OF LISTING 12.05(C)

According to Ms. Lofton, the SSA erred in connection with Listing 12.05(C), which addresses mental retardation. Ms. Lofton is correct.

A.      Consideration of Listings

The SSA must decide whether the claimant has an impairment that met a "listing." *See Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). A "listing" represents a regulatory presumption that the claimant was disabled. *See* 20 C.F.R. §§ 404.1520(d), 404.1525(a), 416.920(d), 416.925(a) (2007).[3] To meet a listing, the alleged impairment must satisfy all of the specified medical criteria. *See* 20 C.F.R. §§ 404.1525, 416.925 (2006); *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

B.      Failure to Discuss Listing 12.05(C)

The administrative law judge stated that he had evaluated the Plaintiff's impairments under two listings, 1.02 and 1.04. Rec. at p. 27. But, the judge did not mention Listing

---

[3]     The Court should apply the Social Security regulations which were in effect at the time of the administrative law judge's decision. *See Branum v. Barnhart*, 385 F.3d 1268, 1272 n.2 (10th Cir. 2004 ).

12.05(C). As discussed below, the omission provided significant in light of the administrative record. *See infra* pp. 3-7.

    C.    <u>Evidence Permitting a Finding that Listing 12.05(C) Had Been Met</u>

With the administrative law judge's silence, the critical issue is whether a reasonable decision-maker could have found satisfaction of Listing 12.05(C) based on the administrative record. The Court should answer in the affirmative.

Three elements existed under the listing:

- A significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age 22,

- a valid verbal, performance, or full scale IQ of 60 to 70, and

- an impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05(C) (2006); *see Lax v. Astrue*, 489 F.3d 1080, 1085 (10th Cir. 2007).

According to the Defendant, the Plaintiff did not have a valid verbal, performance, or full scale IQ of 60 to 70. But the SSA could have reached a different conclusion under the evidence presented.

Two IQ tests were conducted.

The first test was conducted by Dr. Leon Morris. His tests reflected verbal, performance, and full-scale results between 60 and 70, as required under the listing. *See* Rec. at p. 235 (referring to "[t]he claimant's verbal, performance, and full scale Wechsler I.Q.

scores of 60, 70, and 61 respectively"). As noted by the Defendant, Dr. Morris did question the validity of the results. *See id*. ("The overall test profile is, therefore, of questionable validity."). But the administrative law judge was not compelled to accept the examiner's suspicion regarding the validity of the test results. *See Lax v. Astrue*, 489 F.3d 1080, 1086 (10th Cir. 2007) (agreeing with the argument "that making factual determinations on the validity of IQ scores is within the province of an [administrative law judge]").

A second test was conducted by a psychometrist, Renee Wilson, M. Ed. Rec. at p. 309. This examiner found a verbal IQ of 63 and a full-scale IQ of 69. *Id*. at pp. 309, 311. According to the examiner, the "test results appear[ed] to be an accurate and reliable representation of [Ms. Lofton's] ability." *Id*. at p. 310.

The Defendant points out that Ms. Wilson had conducted the test after the administrative law judge's issuance of a decision. But after submission of the test results, the Appeals Council added them to the administrative record. *Id*. at p. 8 (Appeals Council's statement that Ms. Wilson's report has been received and was made "part of the record"). Thus, the Appeals Council considered Ms. Wilson's report when it decided not to change the decision. *Id*. at pp. 5-6.

As the Defendant argues, the Appeals Council was not under an obligation to specifically discuss Ms. Wilson's report. *See Martinez v. Barnhart*, 444 F.3d 1201, 1208 (10th Cir. 2006) (rejecting an argument that the Appeals Council had a duty to specifically discuss treatment records submitted to the Appeals Council when review was denied). But

the report was still part of the record.[4]  With the data from Ms. Wilson, the SSA could have found satisfaction of the IQ requirement for purposes of Listing 12.05(C).  As a result, judicial review of the SSA's decision should include Ms. Wilson's test results.  *See Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253, 1266-67 (11th Cir. 2007) (holding that the district court had erroneously failed to consider I.Q. test results submitted for the first time to the Appeals Council in light of the potential bearing on Listing 12.05(C)).

The Defendant has not questioned the existence of evidence on the remaining elements of Listing 12.05(C).[5]  As a result, the dispositive issue is whether the SSA erred by

---

[4]  *See Martinez v. Barnhart*, 444 F.3d at 1208 ("Because the Appeals Council 'considered' Dr. Olivares' treatment records, the records are a 'part of the administrative record to be considered [by this court] when evaluating [the administrative law judge's] decision for substantial evidence.'" (citations omitted)); *see also O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994) ("holding that the new evidence becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence").

[5]  As discussed in the text, Listing 12.05(C) also required:  (1) a significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age 22, and (2) an impairment imposing an additional and significant work-related limitation of functioning.  *See supra* p. 3.  The administrative record contains evidence which could reasonably have led to a determination in Ms. Lofton's favor on these two elements.

Ms. Lofton was 36 years old when she took the first IQ test and 38 years old when she took the second one.  *See* Rec. at pp. 233, 309-10.  But there is no evidence involving a change in Ms. Lofton's IQ since she had turned 22.  Thus, if either IQ test were considered valid, the administrative law judge could have assumed that the results would have been the same before Ms. Lofton's 22nd birthday.  *See McKown v. Shalala*, 5 F.3d 546, 1993 WL 335788, Westlaw op. at 3 (10th Cir. Aug. 26, 1993) (unpublished op.) (stating that under Listing 12.05, the claimant need not "'affirmatively prove that he was mentally retarded prior to reaching the age of twenty two [so long as] there was no evidence that claimant's IQ had changed'" (citations omitted)); *see also see Luckey v. U.S. Department of Health and Human Services*, 890 F.2d 666, 668 (4th Cir. 1989) ("in the absence of any evidence of a change in a claimant's intelligence functioning, it must be assumed that the claimant's IQ had remained relatively constant").

The listing also required an additional and significant work-related impairment.  *See supra*

failing to consider Listing 12.05(C) when the administrative record included evidence which could have been regarded as sufficient under the three elements. This question should be answered in the affirmative because the SSA had a duty in the first instance to state why Listing 12.05(C) was not met. *See Peck v. Barnhart*, 214 Fed. Appx. 730, 735 (10th Cir. Dec. 26, 2006) (unpublished op.);[6] *see also Smith v. Barnhart*, 172 Fed. Appx. 795, 801 (10th Cir. Feb. 28, 2006) (unpublished op.) ("The [administrative law judge's] failure to specifically address listing § 12.05(C) is, under the facts of this case, reversible error, because we cannot engage in meaningful judicial review." (citations omitted)).

---

p. 3. The test closely parallels the determination at step two of the evaluative process, which involves the presence of a severe impairment. *See Hinkle v. Apfel*, 132 F.3d 1349, 1352-53 (10th Cir. 1997) ("we conclude that a decision regarding whether a claimant has a § 12.05C 'significant limitation' should 'closely parallel' the step two standard" (citation & footnote omitted)). At step two, the administrative law judge found severe impairments involving obesity, osteoarthritis, and spinal abnormalities. Rec. at p. 26. From these findings, the administrative law judge could have assessed a significant work-related impairment which existed independently of the limitation in intellectual function. *See Barnes v. Barnhart*, 116 Fed. Appx. 934, 936 (10th Cir. Nov. 26, 2004) (unpublished op.) ("This court has held that where an [administrative law judge] determines at step two that a claimant's impairment is severe, that impairment is a 'significant' limitation of work functions within the meaning of Listing 12.05(C)." (citation omitted)).

[6] In *Peck v. Barnhart*, the claimant's representative made a comment which could have been read as a concession that Listing 12.05(C) did not apply. *See Peck v. Barnhart*, 214 Fed. Appx. at 735. But even with such a reading, the Tenth Circuit Court of Appeals held that the administrative law judge had erred by failing to explain his decision. *Id.* The court explained:

> In this case, the [administrative law judge] made *no* findings specifically concerning Listing 12.05(C). As a consequence, we are left to speculate why the [administrative law judge] concluded that Listing 12.05(C) did not apply, i.e. whether the [administrative law judge] relied on the representative's apparent concession or independently concluded that the evidence did not warrant a finding of disability at step three. As this case is presently presented, we cannot determine whether the [administrative law judge's] "factual findings are supported by substantial evidence."

*Id.* at 735-36 (emphasis in original; citation omitted).

The record contains evidence suggesting satisfaction of the criteria for Listing 12.05(C). *See supra* pp. 3-6. If the criteria were met, the Plaintiff would be considered presumptively disabled. *See supra* p. 2. But the administrative law judge did not discuss Listing 12.05(C) or the related evidence. Without such discussion, the Court must reverse. *See Carpenter v. Astrue*, 537 F.3d 1264, 1267-68 (10th Cir. 2008) (reversing and remanding for consideration of whether the plaintiff had satisfied Listing 12.05(C) when the administrative law judge had failed to discuss the listing or related evidence).

D.   The Defendant's Arguments

In response to the Plaintiff's argument, the Defendant contends: (1) The administrative law judge considered Dr. Morris' opinion; (2) Ms. Lofton's work as a home health aide weighed against a finding in her favor under Listing 12.05(C); and (3) the administrative law judge and the courts should be wary of the subsequent test results because Ms. Wilson was not a clinical psychologist and Ms. Lofton had already manipulated the test conducted by Dr. Morris. These arguments are invalid as a matter of law.

As the Defendant states, the judge did discuss Dr. Morris' opinion. But, the judge never stated whether he agreed or disagreed with Dr. Morris' conclusion regarding the invalidity of the IQ test results.[7]

---

[7]   *See* Rec. at pp. 28-29; *see also Spicer v. Astrue*, Case No. CIV-07-1387-D, slip op. at 7 (W.D. Okla. Aug. 29, 2008) (unpublished report & recommendation by magistrate judge, holding that the administrative law judge had erred by acknowledging a medical opinion without stating whether she agreed with it), *adopted* (W.D. Okla. Sept. 25, 2008) (unpublished order by district judge).

The Defendant's other explanations are also invalid, as they constitute *post-hoc* explanations for the decision. The SSA never stated that it was relying on Ms. Lofton's work as a home health aide or offered any reasons to discount the results of the IQ test administered by Ms. Wilson. As a result, the Court should reject the Defendant's contention that the agency could have reached the same result by relying on Ms. Lofton's prior work or discounting the data from Ms. Wilson.[8]

### III.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is October 20, 2008. *See* W.D. Okla. LCvR 72.1. The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

### IV.    STATUS OF THE REFERRAL

The referral is terminated.

---

[8]    *See Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) ("Judicial review is limited to the reasons stated in the [administrative law judge's] decision; the magistrate judge should not have supplied possible reasons for rejecting a physician's opinion in order to affirm." (citation omitted)).

Entered this 30th day of September, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge