IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARA R. LOFTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-1446-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Robert E. Bacharach pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Upon analysis of the issues presented under 42 U.S.C. § 405(g), Judge Bacharach recommends reversal of the Social Security Administration's decision denying Plaintiff's application for disability benefits, and remand for consideration of evidence related to Listing 12.05(C). Defendant has timely objected. Thus, the Court must make a *de novo* determination of any part of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision or may recommit the matter to the magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Judge Bacharach finds the decision of the administrative law judge (ALJ), affirmed by the Appeals Council, is deficient because it lacks findings regarding record evidence that would satisfy Listing 12.05(C) at step three of the sequential evaluation process. The question at step three is whether the claimant has an impairment or combination of impairments that meets or equals a "listing," which refers to a list of impairments that are recognized as "so severe as to preclude substantial gainful activity. If the impairment meets or equals one of the listed impairments, the

claimant is conclusively presumed to be disabled." *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987) (citation omitted). In this case, the record contains IQ test scores that, if accepted, would satisfy Listing 12.05(C) regarding mild mental retardation, but the agency did not discuss this listing. Thus, Judge Bacharach finds the case should be remanded for further consideration.

In his Objection, the Commissioner argues that it is not reversible error to omit a necessary step-three finding "when, as in the present case, the ALJ has [made] the necessary findings at the subsequent steps of the sequential evaluation." *See* Def.'s Objection [Doc. No. 17] at 1 (citing *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005)). In the Commissioner's view, "[t]he ALJ's decision clearly shows that substantial evidence supports a finding that Plaintiff did not meet her burden of proving that she satisfied Listing 12.05C." *See* Def.s' Objection [Doc. No. 17] at 1-2. The Commissioner contends that the ALJ considered but rejected Plaintiff's IQ test scores because "they did not accurately represent Plaintiff's intellectual functioning in light of the evidence of record as a whole." *See* Def.'s Objection [Doc. No. 17] at 2.

In *Fischer-Ross*, cited by the Commissioner, the Tenth Circuit approved the application of a harmless error analysis in this context. Specifically, the court of appeals held that an ALJ's findings at subsequent steps of the sequential process "may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment." *Fischer-Ross*, 431 F.3d at 733. The court of appeals concluded that where an ALJ provides sufficiently detailed findings at steps four and five to "confirm rejection of the listings in a manner that is readily reviewable," reversal is not required. *Id*. at 734. Harmless error analysis may supply a necessary step-three finding "'where, based on the material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.'" *Id*. at 733-34. The

question presented is "[w]hether the ALJ's findings at steps four and five justify his step three conclusion in this particular case." *Id*. at 734.

In this case, there is no question the ALJ failed to discuss Listing 12.05(C), which would facially be met if Plaintiff's IQ test scores were accepted. In fact, the ALJ did not find Plaintiff had a severe mental impairment. The ALJ instead "generally agreed with" the opinions of the state agency medical consultants who reviewed Plaintiff's records and determined her mental impairments were not severe. (Tr. 29, 253.) Included in Plaintiff's records was the report of a consultative examiner, Dr. Leon Morris, who administered psychological tests and reported Plaintiff's low scores (Verbal-60, Performance-70, Full Scale-61) but, for reasons stated in his report, "placed her intellectual functioning in the borderline range." (Tr. 29.) Arguably, the ALJ adopted this finding by stating his general agreement with a state agency consultant who expressed this same opinion. (Tr. 254, 265.) Regarding Plaintiff's residual functional capacity, the ALJ found that Plaintiff "is essentially unable to read in a vocational context." (Tr. 27.)

Upon review of the administrative record, the Court is unable to accept the Commissioner's position that the ALJ's decision can be upheld under harmless error review. The ALJ's decision contains no findings concerning the accuracy of Plaintiff's IQ test scores or reasons why he found them to be invalid. Aside from a finding of functional illiteracy, the ALJ did not specifically address Plaintiff's cognitive deficits. Contrary to the Commissioner's argument, the ALJ did not find Plaintiff's recorded test scores to be inconsistent with her past performance of semi-skilled work. In short, the Court cannot say that the ALJ's decision contains sufficiently detailed findings to conclusively resolve the question at step three whether Plaintiff satisfied Listing 12.05(C) for mild mental retardation. *See Peck v. Barnhart*, 214 F. App'x 730, 736 (10th Cir. Dec. 26, 2006).

Accordingly, the Court finds the ALJ's decision to be insufficient to permit a finding of harmless error.

For these reasons, the Court adopts Judge Bacharach's finding of reversible error with respect to the ALJ's failure to address evidence relevant to Listing 12.05(C).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 16] is adopted. The Commissioner's decision is REVERSED, and the case is remanded for further proceedings consistent with this Order and the Report and Recommendation. Judgment will be entered accordingly.

IT IS SO ORDERED this 18th day of November, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE