IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARA R. LOFTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-1446-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) |
| | ) |
| Defendant. | ) |

## **O R D E R**

This matter comes before the Court upon Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") [Doc. No. 20]. Plaintiff claims entitlement under 28 U.S.C. § 2412(d) to an award of attorney's fees in the amount of $7,249.50 to be paid directly to her attorney; the requested fee amount represents 43 hours of work by the attorney, as reflected in an itemized billing summary. Defendant has filed a timely response in opposition to the Motion. Defendant objects to the amount of fees as excessive because the attorney's time records allegedly reflect 0.7 hours of non-legal work and 10 hours of legal work in excess of an amount reasonably necessary to perform the described tasks. Defendant also objects to any award being made payable directly to Plaintiff's attorney, contrary to *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007). The time for filing a reply brief has expired, and the Motion is at issue.

Upon consideration of the Motion and the case record, the Court finds that Plaintiff is the prevailing party, her fee request was timely filed, the Commissioner's position was not substantially justified, and Plaintiff is entitled to an award of attorney's fees under 28 U.S.C. § 2412(d). The Court further finds the amount of fees requested by Plaintiff for her attorney's work in the case is reasonable. Defendant is correct, however, that the EAJA award belongs to Plaintiff.

IT IS THEREFORE ORDERED that Plaintiff's Motion [Doc. No. 20] is GRANTED. The Court orders an award of attorney's fees to Plaintiff pursuant to the Equal Access to Justice Act in the amount of $7,249.50. Should an additional fee award later be authorized under 42 U.S.C. § 406(b), then Plaintiff's attorney shall refund to Plaintiff the smaller amount as required by *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 23rd day of January, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE